Case number 22-7T01, Fraunhofer-Gesellschaft Zur Forderung Der Angewand v. Sirius XM Radio Inc, Maija and Guillen Affelants. Mr. Bagdasarian for the affelants, Mr. Murphy for the affelants. Good morning, Council. Mr. Bagdasarian, please proceed when you're ready. Good morning, Your Honor. I'd like to start our argument today with the issue of whether the judgment is a final appealable order from the District Court here. As our briefing made clear, and as the cases this panel has identified make very clear, there can be no question that this is a final appealable order. In fact, the Service Employees International case from this court is on all fours with our situation here. I'm happy to answer any questions the panel has on that. And if it doesn't have any questions, I'll turn to the question of whether this court should hear the appeal under 1295 or whether it should be transferred to the Federal Circuit. I mean, the finality question affects that too, right? Because in order for it to go to the Federal Circuit, in order for the Federal Circuit to hear the case, it would still have to be final. Yes, Your Honor. That is one of the prongs of the analysis. And I think because it is a final appealable order, that prong of the analysis, the purpose of the transfer, is readily satisfied. This is the second question under transfers, obviously, in the interest of justice. And that leads us to the very question about whether 1295, or is the Federal Circuit, the exclusive jurisdiction over the underlying action that we have here, which is basically, from our perspective, an issue over a subpoena. And our argument under 1295, under the current iteration of 1295, is let's look at the text there. And the text of 1295 currently reads that any action in any district court in the United States arising under any act of Congress relating to past patents is within the exclusive jurisdiction of the Federal Circuit. Your Honors, our point is this is a subpoena case. This is a subpoena issue. So do you think the decisions that go against you, like the wharf in the Second Circuit, and the case in the Fourth Circuit, I can't remember the name of it. McCook, I believe. You think those are different because the text has changed? Your Honor, yes, we do. We understand the argument on both sides. All those cases that Fraunhofer has presented to this court went off on the in part of, based in part of. The previous iteration of the statute read in whole or in part. The current iteration of the statute says arising under. And I believe what Fraunhofer has presented to this court, and all those cases that Your Honor referenced, made the decision, including the Federal Circuit's own decisions, the wharf and the Cook case, all reached the conclusion that the Federal Circuit has exclusive jurisdiction using the base in part length. And here we have arising under. And we believe the arising under requires more of a direct length, not a one step or a two step remove from the underlying act. But what other statute gave DDC jurisdiction other than as a piggyback on the patent action that's in the District of Delaware? Your Honor, it did piggyback off the jurisdictional of the underlying case in Delaware. There's no dispute there. Our only pointer is 1295. 1295's language does not require a tracing back to the original jurisdiction of the patent action between Fraunhofer and Sirius XM. That's the arising under length. The base in whole or in part leads you more to that because base in part. But I guess my question is, something had to give the District Court for the District of Columbia jurisdiction. Of course. And what is it if it wasn't the patent jurisdiction that the District of Delaware had? And then this is an adjunct to that. What's the other jurisdictional basis for the District Court for the District of Columbia? It can't be the federal rules, so it has to be some statute. And what statute is it? It is 1338 that gave the original Delaware Court the jurisdiction to hear the underlying patent case. And the District of Columbia had its jurisdiction based on that statute. There's no disagreement there. Our only point under 1295, 1295 goes to whether or not the federal circuit has exclusive jurisdiction over certain appellate matters. And we looked at the text of that statute. And when we go back to the text of that statute, the current iteration of it really discusses arising under any act of Congress relating to patent. And that's the distinction we're making between the two situations. It is very much an issue of first impression. Not only in this court. As far as we can tell based on the case of the fallen arms presented to it, this may be an issue of first impression because that new language came to being in 2011. And cases like this oftentimes don't get to this level that quickly. But that's our distinction based on the text of 1295. Okay. So just to follow it through one step further, the DDC action is a civil action, right? Correct. Right. And so does it arise? Did the civil action in DDC, the one that you're trying to appeal here, did it arise under any statute? Did the District of Columbia action arise under any statute? The jurisdiction of the District of Columbia action was based in part on the underlying patent action in Delaware. That I agree with. So did it arise under that? I'm making the distinction between arising under. But if it didn't arise under that patent statute, did it arise under something else? Or are you just saying it didn't arise under anything? Well, it arose under the patent statute. But if that's true, then isn't the text satisfying? Well, that's my point is that it depends what arising under means. And I'm making the distinction between arising under in whole or in part, which is what the previous language was. And my only point is arising under needs more of a direct link rather than, I don't think there's a jurisdictional question. In our view, it's relevant to the question of what federal circumstances jurisdiction is or not. I think the District of Columbia would have jurisdiction based on the jurisdiction conferred and piggybacked on the jurisdiction in the original Delaware action. But when we look at the 1295 statute, and we go back to the text of that, I think we look at that text and determine based on that text, does it arise under? And the question is, does it have to be directly, or do you need to trace it back to the original jurisdiction in the Delaware action? In our view, there's a reasonable view that that does not need to happen. So let me just ask one more question, because I think I keep asking the same question, but I just want to make sure I understand your argument, at least for your own benefit. Sure. For 1295 purposes, your view has to be, and I think it is, that the DDC action did not arise under the patent laws. Because if it did, it has to go to the federal circuit. So your view has to be, for 1295 purposes, it did not arise under the patent laws. It did not arise under the patent statute because it was indirect. So then my question is, if it didn't arise under the patent statute, did it arise under something else? What did it arise under? Or does it just not have to arise under anything? Well, it arose indirectly, not directly. And 1295, because there is another way to get to appellate jurisdiction under 1291, as opposed to 1295. Our distinction between the two is, which court is going to hear that appeal? And if this court accepts our view that indirect is insufficient, well, then we stay in this court for all the reasons we've talked about. If arising under can be, you do need to trace it back to the original jurisdiction of the Delaware court, well, then it is reasonable to transfer it to the federal circuit for the reasons we've articulated. So basically what you would do at the end of the day, I'm not saying this is wrong, I'm not saying it's right either, but what you would do at the end of the day is under 1295A1's current iteration, you would basically insert the word directly in front of arising under, and you would say, well, it did arise under the patent laws, that's why the DDC had jurisdiction, but it didn't directly arise under the patent laws, and that's what you would need to get to the federal circuit rather than our court. That view is a reasonable reading of 1295. We understand the other view of it, certainly, and if this court accepts the other view, we would respect the request that the case be transferred to the federal circuit if this court doesn't retain jurisdiction. I'll reserve the balance of my time. Okay. Thank you, counsel. Mr. McPhee.  Thank you, Your Honor. Fraunhofer submits that this appeal should be dismissed for lack of jurisdiction or, in the alternative, transferred in whole or part, whatever remains, to the federal circuit. And I say that with some ambivalence because we would rather just have the case resolved on the merits here, be more efficient, but we're mindful of this court's careful watch on its own jurisdiction. But to that end, I'd like to start with a question that you posed regarding the two cases, Budenik and service employees. We do think that those cases are not quite on point for at least the following reason. In both of those cases, there was not only a finding of contempt, but also a sanction that was issued. So in Budenik, there was a finding that attorney's fees would be assessed. The only remaining issue was the amount of those fees. And then service employee, the same thing. There was an award of attorney's fees and also a conditional fee of, I think, $20,000 if the arbitration didn't occur within a specific time period. By contrast here, the district court made a finding of contempt and did ask information about what fees Fraunhofer had incurred, but there was never any issuance of an actual sanction. The district court never said, I am going to award the attorney's fees once calculated, never said I'm going to give some fraction of those or a multiple of those or maybe some other fee or a non-monetary sanction or no sanction at all. And that distinction really does make a difference. You look at service employees, they cite to Wright and Miller the treatise 3917 that actually has an articulation of this rule. They say a determination that contempt has occurred is not final if the question of sanctions is postponed. And Wright and Miller in footnote four, they cite a number of public decisions in support of that rule. I can cite a few of those for the benefit of the support. So one is Petrolios Mexicanos versus Crawford, 826 Federal 2nd, 392 at 398. Quote, a contempt decision's finality and appealability is composed of two parts. One, a finding of contempt and two, an appropriate sanction for that contempt. And you see the same rule in the Ninth Circuit Weyerhaeuser case. There's an SEC versus Naftali case in the Eighth Circuit and other cases that are cited there in Wright and Miller. So I should say all of these cases now are consistent with what you see in Budnik, which is that you have finding of contempt and a sanction to be applied. And it's further consistent with a case that an appellant cited, actually an older Supreme Court case, Alexander versus U.S., which says that the right of review arises once the court punishes the witness for contempt of the order. That's on page four of the reply. So that language, we think, supports the Wright and Miller rule as well. And we did look to see if there was even a single case where a finding of contempt without a sanction was found to be final and appealable, and we did not find any. So we think that the better view, the best view of the law on this finality issue is that this case is not final. We do not have that sanction that gets you over the line. So in service employees, you think what distinguishes it is the $20,000 sanction? $20,000 additional sanction, as well as there was a finding that attorneys' fees would be levied. So the finding that the fees would be levied, even though the amount of the fees hadn't been determined? Correct. And we think that's a significant difference. It's an actual sanction, a punishment that is concrete in nature, even though some of the mechanics, the amount, has yet to be determined. I'm sorry. Please. Let me make sure I understand your argument. Suppose I'm starting from the point that federal circuit has exclusive jurisdiction. And so the inquiry has nothing to do with the finality question that you're now talking about. It has to do with transfer. They've raised the request to have this transferred under the statute. We're supposed to look at that. And if the conditions are met, we're supposed to send it to the federal circuit. Yes, so that takes us to the next issue, which is? I'm saying suppose that is the issue, in my view. In other words, I, as a federal judge, am sitting on a circuit that does not have exclusive jurisdiction to hear this. Another circuit has exclusive jurisdiction to hear this. We don't have exclusive jurisdiction. And you're not disputing that the federal circuit has exclusive jurisdiction, right? That is correct. Okay, so if that we're both starting there, it seems to me that's the starting point. This is a federal circuit case, not a D.C. circuit case. And so now, in your view, how should we proceed? Yes, I fully agree with that, Your Honor. The question of transfer has implicit in it a question of would there be jurisdiction in the transferee court, which is why we then ask that initial step, is there actual a final decision to review at all? So I believe that question comes into the transfer issue. But there is a larger question that has been raised just now and in the papers, which is, is this case properly within the scope of the federal circuit's exclusive jurisdiction to begin with? I think that actually is a very, very straightforward issue. The statute itself, Supreme Court case law, the federal circuit precedent, and every other appellate court to consider this issue has ruled without question, without variance, that an ancillary discovery proceeding that is conducted in service of a patent case falls within the exclusive jurisdiction of the federal circuit. So to be within the exclusive jurisdiction of the federal circuit and something that could be appealed to the federal circuit, it has to be a final decision? Yes, that's right. And then to judge that, do we judge finality by reference to our – well, first of all, do we judge it? And if we judge it, do we judge it by reference to D.C. Circuit finality law or federal circuit finality law, since the question is whether it could have been brought into the federal circuit? That's an interesting question, Your Honor. I don't know that there's a distinction between D.C. Circuit law and federal circuit law. Well, not the way you're looking at it because you think it's non-final either way. But what I'm saying is if it's complicated under D.C. Circuit law because of the service employee's decision that you've tried to distinguish but it's maybe not as straightforward as might be optimal for you, it doesn't matter because if it's a case that needs to have been – that it could have been brought, needs to be the case that it could have been brought in the federal circuit, then the federal circuit would apply its own finality rules to decide whether it's final for purposes of bringing it in the federal circuit, which seemingly would put this in the can of federal circuit finality law rather than D.C. Circuit. I think that's right, Your Honor. I think that's the better rule. It falls more cleanly within the scope of what the exercise is here when you look at transfer. I will say I don't think it makes a difference in this particular case either way, but I do think that's right. I did want to – Okay, and then can I ask on this question of whether it actually belongs exclusively in the federal circuit, so you heard your argument from opposing counsel that the language of the statute has changed since the decisions that you very understandably rely on that were completely parallel except that something happened in the interim and the text changes. So now it speaks in terms of arising under. And what do you make of the argument that, well, arising under basically means directly arising under, which is something more than the one-step remove connection to the patent laws that exists when the discovery dispute is in one court and the underlying patent action is in a different court? Yes, I see no basis for that interpretation whatsoever. I certainly didn't hear any authority or case law in support of that interpretation. I think that whatever change in language in the statute is a distinction without a difference. The authority, the jurisdiction of the D.C. District Court had to arise from somewhere, and the only source we've been able to identify for that is, in fact, 1338. So you think the D.D.C. action arose under the patent statute? Yes, absolutely. And that's consistent with all the prior cases we see. We can't just imagine a jurisdiction. Certainly we've seen that the federal rules themselves, Rule 45 of the Federal Rules of Subdivision, does not grant jurisdiction to district courts, and the case law is clear on that. It had to come from somewhere. The only source that is available here is 1338. It's an open-and-shut case. I don't see any reason why that statutory language change makes any difference here. There are two ways we might look at when we think about transferring this to the federal circuit. We could look at it and look at the statute and say, we don't think the federal circuit would take this because it's not a final order, and they have a lot of case law that says contempt orders, pending sanctions are not final. So they wouldn't take it. That's undisputed. The federal circuit has that law. So one possibility would be for us to say, I want to understand what you're thinking, to say, therefore, we just dismiss. We don't have any jurisdiction. They wouldn't take it, so it's over. The other thing would be to say, and I think I know what you're going to say, that the federal circuit has never expressed a view as to how they'd handle a situation if it arose as in-service employees. And that presents a different inquiry, and they haven't spoken on it, so we should simply transfer it, and they can handle the case however they want to. The only thing we know is we don't have any jurisdiction, so let them do it. I would say, Your Honor, the first option, I think, is the best. Well, I know what you'd prefer, but what's your reaction to the second? Obviously, you'd prefer the first. I mean, the first is clean and easy, but you can make the argument that in the cases in which the federal circuit has pronounced, if sanctions are still pending, it's not final. If the federal circuit has case law, there's no question. But you can say service employees raise a different situation. They have never spoken about how you handle a finality question in a service employees-type case. I'm not saying that D.C. law binds them. I'm just saying, as far as I can tell, the federal circuit has never addressed that situation. And I'll be very honest, Your Honor. Candidly, I think either approach could be acceptable. I don't know that the case law clearly mandates one or the other. I don't know that we really have a preference either way. We're looking to get this resolved as efficiently as we can. Thanks. Thank you. Thank you, counsel. Mr. Bagasarian, I'll give you two minutes for your rebuttal. Thank you, Your Honor. Just a couple of points. The only—the sanction here, and we disagree with the sanction, was the contempt. The only thing left for the district court to determine is what she asked for, is the amount of monetary sanctions, attorneys fees, what have you. That makes this on all fours with the service employees case. That's all that's left. The question about whether it was raised regarding whether this court should decide the question of appealability under service employees or go to the federal circuit, I think under the analysis it makes sense for this court to apply the service employees case. The transfer analysis needs to be determined as part of that. From our perspective, all we're looking for is to have a public review in some court. If that means going to the federal circuit, we'll do it there. If that means having her appeal for a year, that's fine with us. We understand we have to figure out the jurisdiction, which court has proper jurisdiction. If you apply to service employees, there's no question they have final appealability. And then the question becomes under 1295, which we've already discussed. If this court decides to choose to say, well, federal circuit, looks like you have exclusive jurisdiction over this, well, you decide. I don't know that we're opposed to that in any way, but our only point is to make sure that she has some form of review. Our concern with raising this issue was to try to avoid any appellate review altogether. It sounds like you've now abandoned that argument, which is somewhat comforting. All Ms. Nguyen is looking for is to have an appellate review at some point. It does make sense for it to happen now, whether it's in this court. Even for penalty purposes, there's no doubt that there will be appellate review at some point. It's just a question of whether it's premature, right? Because once the attorney's fees are settled, then everybody agrees there's appealability. I agree with you absolutely. I'm pointing out that they tried to raise and they agreed the ability of this court to take a peek at it and just dismiss it outright. I'm arguing to you that that is not an appropriate outcome based on the case law. Thank you, Your Honors. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Henderson, Edwards